# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMIE MEDDINGS,**
**Claimant Below, Petitioner**

**FILED**
November 1, 2019
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 18-0998** (BOR Appeal No. 2052869)
            (Claim No. 2017027675)

**WAYNE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jamie Meddings, by Counsel J. Robert Weaver, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Wayne County Board of Education, by Counsel Lisa Warner Hunter, filed a timely response.

The issue on appeal is the denial of temporary total disability benefits. On June 14, 2017, the claims administrator denied Ms. Meddings temporary total disability benefits. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision in an Order dated April 11, 2018. This appeal arises from the Board of Review's Order dated October 19, 2018, in which the Board of Review affirmed the decision of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Meddings completed an Employees' and Physicians' Report of Occupational Injury form on May 11, 2017, alleging a work-related injury. At the time of the injury, she was employed as a librarian by the Wayne County Board of Education. She picked up a box of books when it suddenly split open, and as she reached to grab the books, she sustained an injury to her back. There is no dispute between the parties to the fact that she was totally and temporarily disabled from her compensable injury during the period of May 12, 2017, until September 11, 2017. However, Ms. Meddings was only paid temporary total disability benefits from May 12, 2017,

1

until May 28, 2017, and then she received benefits again on August 21, 2017, until September 11, 2017, when she returned to work. The dispute in this case concerns the fact that Ms. Meddings was not paid temporary total disability benefits from May 29, 2017, until August 20, 2017. The record indicates that the school year ended on or about May 26, 2017.

Ms. Meddings sent an email to the claims administrator dated May 29, 2017, providing a letter from Mr. Tony Moore, owner of Harry's Market. Mr. Moore indicated that she was to be employed by him from May 29, 2017, through August 19, 2017. Ms. Meddings was to care for his wheelchair bound mother while he worked. She was to work six days per week at a rate of $150.00 per day. The claims administrator sent an email to Ms. Meddings on May 29, 2017, advising that she needed a W-2 form from past employment with the company or some sort of documentation showing that her pay will be reported to the Internal Revenue Service to consider it as income.

On May 30, 2017, Ms. Meddings and Mr. Moore signed a Contract of Employment indicating that she would work as a caregiver six days a week for him at a rate of $150.00 per day. The term of employment was to run from May 29, 2017, to August 19, 2017.

On June 1, 2017, the claims administrator issued an Order holding the claim compensable for sprain of joints and ligaments of other parts of neck, sprain of ligaments of thoracic spine, and sprain of ligaments of lumbar spine. The claim was ruled compensable on a no-lost-time basis. On June 14, 2017, the claims administrator issued a notice to Ms. Meddings that she must submit proof that she had summer employment available or she would be suspended from receiving wage replacement benefits until the beginning of the next school year. She was also advised that once the new school year resumes and she continues to be totally and temporarily disabled, then her benefits would be reinstated. The benefits were to be suspended on May 26, 2017, unless verification of employment was received.

On June 14, 2017, the claims administrator issued an Order indicating that an investigation was unable to verify summer employment for Ms. Meddings. She was no longer eligible to receive benefits and her request for benefits was denied. That day, the claims administrator awarded her temporary total disability benefits from May 12, 2017, through May 26, 2017. Ms. Meddings submitted a response letter to the claims administrator on June 21, 2017, and attached a copy of her W-9 request for taxpayer identification number and certification, a contract of employment dated May 26, 2017, and a letter from Mr. Moore stating that she was to be employed to assist his mother for the summer.

Ms. Meddings protested the June 14, 2017, Order, which denied her temporary total disability benefits from May 29, 2017, through August 21, 2017. In support of her protest, she testified by telephonic deposition on September 27, 2017, about her work history and the arrangement she entered into with Mr. Moore to provide caregiver services to his mother during the summer months when she would not be employed by the Wayne County Board of Education. She acknowledged that Mr. Moore was her boyfriend. She indicated that she did not have an employment contract prepared or a W-9 form related to the summer employment until after the claims administrator requested further documentation of her summer employment. She also testified that she had no proof of past paid employment with Mr. Moore. However, she did state

that she was paid temporary total disability benefits for the summer of 2016 because she was to work for Mr. Moore stocking shelves and caring for his mother. She was not able to work for Mr. Moore during the summer of 2016 because she suffered a back injury, and she was granted temporary total disability benefits. She testified that she did not have a contract in 2016 either.

Mr. Moore testified at a hearing before the Office of Judges on November 19, 2017. Mr. Moore acknowledged his relationship with Ms. Meddings. He described his mother's health issues and the arrangement for Ms. Meddings to provide caregiver services to his mother during the summer months. He testified that he and Ms. Meddings first discussed the arrangement in April 2017 when he broke his arm and realized that he would need someone to care for his mother while he worked. He acknowledged that there was not a signed contract in April but that he was going to take care of the matter once school was out for the summer.

The Office of Judges issued a Decision dated April 11, 2018, which affirmed the claims administrator's Order of June 14, 2017, denying the request for temporary total disability benefits for the summer months. The Office of Judges determined that it is more likely than not that Ms. Meddings was not going to engage in summer employment in 2017. Inconsistencies were noted between the testimonies of both Mr. Moore and Ms. Meddings. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 19, 2018.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The record is clear that Ms. Meddings failed to reliably and validly document that she had summer employment with Mr. Moore during 2017 while she was off work from teaching. Ms. Meddings simply did not establish that she had summer employment for which she missed wages due to her compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 1, 2019**

**CONCURRED IN BY:**
Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison